UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| FIFTH THIRD BANK, | Bankruptcy Court |
| | Case No. 03-14880 |
| Appellant, | |
| v. | District Court Case No. 1:05-CV-518 |
| GWINIOV JOHNSON RILEY, | HON. GORDON J. QUIST |
| Appellee. | |

_____/

## OPINION

Fifth Third Bank ("Fifth Third") has appealed the United States Bankruptcy Court's orders entered on June 15 and 16, 2005, denying Fifth Third's motion for relief from the automatic stay with regard to certain real property located at 2422 Strand, Muskegon, Michigan (the "Real Property"). For the reasons set forth below, the Court will affirm the bankruptcy court's orders.

## Facts and Procedural History

On January 24, 1995, Debtor-Appellee, Gwiniov Jackson Riley ("Debtor"), signed a promissory note and mortgage promising to repay Fifth Third (or its predecessor) a loan in the amount of $71,284.50 for the purchase of a mobile home located on the Real Property. Debtor filed a Chapter 13 bankruptcy petition on December 11, 2003. At the same time, Debtor filed a proposed Chapter 13 plan ("Plan"). The Plan listed two secured claims of Fifth Third, one in the proposed allowed amount of $7,500 and the other in the proposed allowed amount of $0. (Plan ¶ 4.c.(1).) The Plan stated that a "1993 Schult double wide home affixed to real estate listed in schedule A" would be surrendered to Fifth Third. (Id. ¶ 9.) The Plan, as well as Debtor's bankruptcy petition, also

indicated that the mobile home was contaminated with mold and had a value of $1.00. (Id. ¶ 9.) With regard to secured claims in general, the Plan stated:

> Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

(Id. ¶ 3.a.) In addition, the Plan stated that "[t]itle to the Debtor's property shall revest in debtor on confirmation of a plan." (Id. ¶ 11.) Fifth Third received notice of both the bankruptcy proceeding and the proposed Plan.

The Plan was confirmed without objection on June 9, 2004. On February 22, 2005, Fifth Third filed its motion for relief from the automatic stay. Fifth Third argued that it was entitled to relief from the automatic stay because the Plan unambiguously provides for the surrender of the Real Property to Fifth Third or, alternatively, the Plan is ambiguous on this issue and must be construed against Debtor.

Following oral argument on June 14, 2005, the bankruptcy court issued an oral opinion denying the motion. The bankruptcy court noted that while the Plan was not as clear as it could have been on the issue, the court observed that both the Plan and the bankruptcy petition stated that the mold rendered the mobile home valueless but the Plan indicated that Debtor was going to pay Fifth Third $7,500 on Fifth Third's secured claim. The bankruptcy court reasoned that this information should have put Fifth Third on notice that Debtor was going to pay part of the secured claim and, given the condition of the mobile home, it would be unreasonable to assume that Debtor was going

to pay $7,500 for a valueless mobile home. Finally, the bankruptcy court stated that because the Plan made provision for Fifth Third's claim, Fifth Third is entitled only to what the Plan provides.

## Standard of Review

This Court reviews the bankruptcy court's order granting or denying relief from the automatic stay for abuse of discretion. See Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship), 30 F.3d 734, 737 (6th Cir. 1994). The Court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Id. The Court's review of the bankruptcy court's legal conclusions is *de novo*. See Investors Credit Corp. v. Batie (In re Batie), 995 F.2d 85, 88 (6th Cir. 1993).

## Discussion

Pursuant to 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." A confirmed plan essentially constitutes a contract between the debtor and the debtor's creditors, see Ohio Med. Instrument Co. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.), 270 B.R. 842, 844 (Bankr. S.D. Ohio 2001) (Chapter 11 plan); Pancurak v. Winnecour (In re Pancurak), 316 B.R. 173, 176 (Bankr. E.D. Pa. 2004) (Chapter 13 plan), and is accorded *res judicata* effect. See In re Goos, 253 B.R. 416, 419 (Bankr. W.D. Mich. 2000). If a secured creditor's claim is provided for by the Chapter 13 plan, the creditor is entitled only to what is allowed in the plan and may not prevent the property from revesting in the debtor free and clear of the creditor's lien. 11 U.S.C. § 1327(c); In re Jones, 238 B.R. 338, 344 (Bankr. W.D. Mich. 1999) ("If provided for in the plan, the secured

creditor may not prevent property from revesting in the debtor free and clear of its lien."), aff'd, United States v. Jones, No. 1:99-CV-629, 2000 WL 1175717 (W.D. Mich. June 28, 2000).

Fifth Third does not deny that it had notice of the proposed Plan or that it failed to object to the Plan prior to confirmation. Thus, Fifth Third may not prevent the Real Property from revesting in Debtor.

Fifth Third argues that the Real Property did not revest in Debtor because the Plan unambiguously provides for its surrender to Fifth Third. The Court disagrees. Paragraph 9 of the Plan, which relates to surrender of property to secured creditors, provides, in part :

Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| Fifth Third Bank | 1.00 | 1993 Schult double wide home affixed to real estate listed in schedule A; tax valuation is $75,600.00, however the unit is contaminated with mold and debtors value is $1.00 |

(Plan ¶ 9.) Contrary to Fifth Third's argument, the property described in paragraph 9 is limited to the mobile home and does not include the Real Property. Although Fifth Third is correct that paragraph 4c. of the Plan indicates that Fifth Third's secured claim would not be paid, paragraph 4c. also indicates that Fifth Third's other secured claim would be paid in the amount of $7,500. As the bankruptcy court observed, Fifth Third should have reasonably concluded from reading paragraphs 9 and 4.c. together that Debtor was not going to pay for a mobile home with no value and that the secured claim for $7,500 covered the Real Property. Any other reading, i.e., that Debtor was going to pay $7,500 for a mobile home without any value, would be unreasonable.

Fifth Third also argues that it would be legally impossible for Debtor to surrender the mobile home but not the Real Property on which it was located because the mortgage that Debtor signed specifically provided that the mobile home was affixed to the real property. Even if the parties treated the mobile home as a fixture under the mortgage and even if the mobile home would be considered a fixture under applicable non-bankruptcy law, Fifth Third fails to cite any authority for the proposition that a Debtor may not sever a fixture from realty as part of a Chapter 13 plan. Moreover, by its failure to object, Fifth Third waived any argument that severance of the mobile home from the Real Property would be improper. See In re Tumminello, 288 B.R. 224, 226 (E.D. Mo. 2001). Similarly, Fifth Third waived its argument based upon In re Covington, 176 B.R. 152 (Bankr. E.D. Tenn. 1994), and, even if it had not, the Court would find In re Covington distinguishable upon the ground that the Plan treated Fifth Third's claim as two separate claims, one pertaining to the mobile home and the other pertaining to the Real Property.[1]

Accordingly, the bankruptcy court did not abuse its discretion in denying Fifth Third's motion for relief from the automatic stay.

## **Conclusion**

For the foregoing reasons, the Court will affirm the bankruptcy court's orders dated June 15 and 16, 2005, denying Fifth Third's motion for relief from the automatic stay.

An Order consistent with this Opinion will be entered.


Dated: October 20, 2005                    /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that at least one court has disagreed with In re Covington's holding that a debtor may not surrender less than all of the collateral securing a particular claim. See In re McCommons, 288 B.R. 594, 596-97 (Bankr. M.D. Ga. 2002).

5